S. OTIS AND FRANCES E. OTIS, APPELLANTS, v. J. J. MC-
CASKILL AND R. E. L. MCCASKILL, PARTNERS DOING
BUSINESS AS J. J. MCCASKILL & COMPANY, APPELLEES.

1.  An answer to a foreclosure setting up a partial failure of
    consideration casts the   burden of proof upon   the com-
    plainant.

2.  Where the consideration for a mortgage is the purchase
    price of a single mill, and contemporaneously the seller
    gives a bill of sale under seal describing the mill as one
    shingle mill complete, known as the W. mill with warranty
    of title and which mill shortly theretofore had been in-
    spected by the purchaser and was then complete, but at
    the time of the sale was broken up and scattered, and the
    mill delivered to the purchaser was incomplete in essential
    particulars and the deficiency was promptly pointed out,
    there was error in denying the defense of partial failure
    of consideration.

3.  When the consideration for a mortgage upon realty is the
    purchase price of personalty, partial failure of considera-
    tion may be pleaded in a suit to enforce the mortgage lien.
    The principle announced in Reddick v. Mickler, 23 Fla.
    335, 2 South. Rep. 698, does not control.

This case was decided by Division A.

Appeal from the Circuit Court for Santa Rosa County.

The facts in the case are stated in the opinion of the
Court.

*S. Pasco, Jr.,* and *Thos. F. West,* for Appellants.

*Maxwell & Reeves* and *Daniel Campbell & Son,* for Ap-
pellees.

. COCKRELL, J. The appellees as complainants filed their bill in the Circuit Court for Santa Rosa county, to enforce a mortgage lien upon realty and a shingle mill situate in said county, alleging the precipitation of the indebtedness by the failure of the mortgagors, Otis and wife, to keep the property insured. The defendants answered, admitting the execution of the notes and mortgage to the complainants, but averring in substance that the consideration therefor was a part payment of the purchase price of a certain shingle mill, known as the Wittich Mill, including engine and boiler made by Houston, Stanwood and Gamble, which complainants sold and agreed to deliver to defendants by January, 1903, at Mulat, Florida; the complainants made and delivered their bill of sale for one shingle mill complete, which bill of sale is made part of the answer, that complainants represented that said mill was a shingle mill complete and that said representation was as to a material fact relied on and was the inducement for the purchase, and that the mill delivered was not complete but lacked certain specified necessary and essential articles. and things of which the complainants were promptly notified on delivery and called upon to make good the warranty and supply the missing portions, but had refused so to do; that the sum of $756.57 will have to be expended to make the mill complete as warranted, and . further that the defendants have been damaged in the sum of $1250 in the loss of the use of the shingle mill, which sums they offer to set off, and pray that the bill of complaint be dismissed.

The bill of sale is as follows: "Know all men by these presents, That we, J. J. McCaskill and Robert E. L. McCaskill, doing business under the firm name and style

of J. J. McCaskill & Company, for and in consideration of the sum of fifteen hundred dollars ($1500) to us in hand paid by S. Otis, do hereby bargain, sell and deliver unto the said S. Otis, his heirs and assigns the following property, to-wit: One (1) shingle mill complete, known as the Wittich Mill, including engine and boliers made by Houston, Stanwood & Gamble, and we, the said J. J. McCaskill & Company, do hereby warrant that the said property is free from all liens of any kind and that we have a good right to sell same, and hereby agree with the said Otis to defend the title to said property against the lawful claims of all persons whomsoever.

Witness this our hands and seals this 28th day of November, A. D. 1902.

Signed, sealed and delivered in presence of:

|                    | J. J. McCASKILL        | (Seal)      |
| B. COLVIN          | R. E. L. McCASKILL     | (Seal)      |
| Victoria, Georgia. | J. J. McCASKILL & CO.  | (Seal)."    |

To this answer the general replication was filed and testimony was taken before an examiner. Upon final hearing the court decreed for the complainants in accordance with their prayers, and from this decree the appeal is taken.

We are of the opinion there was error in the decree. The briefs for the respective parties are confined largely to the questions of the sufficiency of the evidence to support the court's findings and to the correct interpretation of the bill of sale, whether it be a warranty of the completeness of the mill, as a shingle mill of a mere indentification of the property sold.

Many objections were interposed to proffered testimony upon the ground that it tended by parol to alter the effect of a sealed instrument, but we do not find that

these objections were pressed upon the court or ruled upon. The evidence is too voluminous to be set out in detail and there are contradictions in much of it, as to which even though the Circuit Judge had before him only the report of the examiner and heard none of the witnesses, we give the benefit of the doubt to the appellees, yet there are certain salient facts which we deem sufficiently established to justify us in holding that the consideration operating upon the purchaser to induce the contract was that he was to get a shingle mill complete and that the complainants who are seeking to take advantage of and enforce that contract in a court of equity are bound on their part to the extent of the failure. Moreover we are not prepared to hold that the complainants should have been permitted to avoid the effect of the sealed instrument by altering its meaning in the absence of an amendment to their bill, in its allegations and prayers looking to such course, but we are prepared to follow our former decisions in holding that the burden was upon them to overcome the defense of failure of consideration and to overcome the force and effect of the language used in the solemn instrument so executed by them, such burden must be clearly and specifically met, and as against this burden the evidence does not support them, even when assisted by the general finding of the Circuit Court.

It is shown that McCaskill & Company had purchased a shingle mill from one Wittich, that Otis who was familiar with the mill and which he had seen shortly theretofore in the possession of Wittich as a shingle mill, having all the necessary machinery, opened up negotiations with McCaskill to buy the mill; that the mill as purchased by McCaskill from Wittich did not have all the

necessary machinery, but that part of it was at Pensacola while part was at Freeport some distance away; that Otis examined what was in Pensacola, some of it lying on a wharf and some on a schooner, but was intoxicated at the time, but did not examine that at Freeport, and had reason to believe that the portion of the mill at Freeport was considerable, and an agreement was then reached; there was a short delay in preparing the necessary papers which were finally drawn up by John Eagan, esquire, as attorney for both parties, and the bill of sale was executed under the hands and seals of the complainant on November 28, 1902; McCaskill admits that at one time while Wittich owned the mill it contained a shingle machine and that such a machine is necessary to a complete shingle mill. We hold then that the consideration for the note and mortgage failed in part at least and that such partial failure is open to the defendants under section 1072 of the Revised Statutes.

It may be that the court was misled by the principle announced in Reddick v. Mickler, 23 Fla. 335, 2 South. Rep. 698, and subsequent cases based thereon. This principle has not been invoked or touched upon in the briefs, and we do not feel therefore disposed to review those cases at length but say merely that the doctrine there announced is a severe one, based upon technical rules of the common law as to real warranties, and not to be extended to embrace guarranties of personal property.

The decree is reversed for further proceedings not inconsistent with this opinion.

SHACKLEFORD, C. J., and WHITFIELD, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.