ELIZABETH DEES, *Appellant*, v. AMERICAN AGRICULTURAL CHEMICAL COMPANY, A CORPORATION, *Appellee*.

Opinion Filed June 13, 1923.

1. In a suit in equity where the answer of the defendant sets up a failure of consideration for the obligation sued on, the burden of proving a consideration is upon the complainant in the bill.

2. In a suit to foreclose a mortgage upon real estate the defense was failure of consideration for the note which was given in payment of certain commercial fertilizer sold and delivered by the complainant to the defendant, to secure the payment of which the mortgage was given. There was conflict in the evidence. On the one hand it tended strongly to support the averments of the answer that the fertilizer delivered was of inferior quality and of no value, and that the lands of defendant of similar character where no fertilizer was used were more productive and yielded larger crops than those where the fertilizer purchased from complainant was used. On the other hand there was evidence that the fertilizer delivered was of the character ordered by the defendant from complainant; that it was of a standard quality which had been manufactured and sold by complainant for a number of years, and its ingredients were stated in the note given contemporaneously with the purchase; that the bags containing the fertilizer had tags attached showing the contents to be as indicated in the note; that no analysis of the fertilizer was made by the defendant after it was received and no complaint was made until payment of the note was demanded. *Held*: That the case is one for the application of the rule that where there is evidence to support the findings of a chancellor the decree will not be revesrsed unless it clearly appears to be erroneous.

An Appeal from the Circuit Court for Bradford County; A. V. Long, Judge.

Affirmed.

*A. Z. Adkins,* for Appellant;

*J. C. Poppell,* for Appellee.

WEST, J.—This suit was brought to foreclose a mortgage upon real estate to secure payment of a promissory note made by appellant to appellee for fertilizer purchased by her from appellee. The note is as follows.

"$425.00    P. O. Starke, 40837, Fla. January 28, 1918.

"On or before the 1st day of November, 1918, I promise to pay to the order of the American Agricultural Chemical Company, four hundred twenty-five and no/100 dollars, given for ten tons of 2-6-2 fertilizer received by me, payable at the Bradford County Bank, Starke, Florida, with interest from date at the rate of eight per cent per annum until paid.

"The drawers and endorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note.

"Should it become necessary to collect this note through an attorney, either of us, whether maker, security, or endorser, on this note hereby agrees to pay all costs of such collection including a reasonable attorney fee, not less than ten per cent.

"Witness by our hand and seal, date and year first above written.

ELIZABETH DEES (Seal)

"Witness:

"J. C. Poppell,

B. M. Dowling."

By answer to the bill it is averred generally that there was no consideration for the note because the fertilizer delivered was, notwithstanding appellee's representations to the contrary which were relied upon by appellant, of inferior quality, was in fact of no value, was harmful to the crops planted and grown on the land where it was used, and injurious to the soil. There was a final decree of foreclosure from which appeal was taken. The only question presented is the sufficiency of the evidence to support the decree.

It is conceded that under the pleadings the burden of proof rested upon complainant. Smith v. O'Brien, 75 Fla. 252, 78 South. Rep. 13; Otis v. McCaskill, 51 Fla.

516, 41 South. Rep. 458; Braxton v. Liddon, 49 Fla. 280, 38 South. Rep. 717; Kellog v. Singer Mfg. Co., 35 Fla. 99, 17 South. Rep. 68.

There is evidence in the record on behalf of defendant tending strongly to support the averments of the answer. On the other hand, there is evidence on behalf of complainant to the effect that the fertilizer delivered to defendant was of the quality and ingredients ordered by her from complainant and described in the note bearing her signature, which was given contemporaneously with the purchase; that the fertilizer so delivered was of a standard quality which had been manufactured and sold by complainant for a number of years; and that no complaint was made by defendant that it was, of inferior quality and of no value until payment of the note was demanded.

That the bags containing the fertilizer had attached to them tags showing the contents to be as indicated in the note, is admitted. No analysis of the fertilizer was made. The case of defendant rests upon evidence that lands of similar character where no fertilizer was used were more productive and yielded larger crops than lands where this fertilizer was used.

The circuit judge found the allegations of the bill to be true, that the indebtedness as therein alleged was due from the defendant to the complainant, and that the mortgage was foreclosable. There is evidence in the record to support this finding and the case is within the rule that where there is evidence to support the findings of a chancellor the decree will not be reversed unless it clearly appears to be erroneous. Travis v. Travis, 81 Fla. 309, 87 South. Rep. 762; Douglas v. Ogle, 80 Fla. 42, 85 South. Rep. 243; Hill v. Beacham, 79 Fla. 430, 85 South. Rep.

147; Whidden v. Rogers, 78 Fla. 98, 82 South. Rep. 611; Boyd v. Gosser, 78 Fla. Fla. 64, 82 South. Rep. 758.

Affirmed.

TAYLOR, C. J., AND WHITFIELD, ELLIS AND BROWNE, J. J., concur.

TERRELL, J., not participating.