ISAAC N. DAUBMYRE, *Appellant*, v. W. L. HUNTER, *Apellee*.

Opinion Filed October 19, 1923.

Petition for Rehearing Denied November 13, 1923.

1. In a suit in equity, where the answer of the defendant sets up a failure of consideration for the obligation sued on, the burden of proving a consideration is upon the complainant.

2. Specific performance of a contract for the sale of lands is not a matter of right in either party, but a matter of sound discretion in the court, controlled by settled principles of law and equity applicable to the particular facts.

3. The discretion of the chancellor in refusing specific performance of a contract for sale or lease of real estate will not be disturbed on appeal unless clearly erroneous.

4. Specific performance will not be enforced where the contract is not definite and certain as to essential terms and provisions and is incapable of being made so by the aid of legal presumptions or evidence of established customs.

This case was decided by Division B.

An Appeal from the Circuit Court for Dade County; H. Pierre Branning, Judge.

Affirmed.

*A. J. Rose*, for Appellant;

*Price & Price*, for Appellee.

WEST, J.—By this suit it is sought to enforce the specific performance of a contract to lease a certain lot of land

in the City of Miami for a period of ninety-nine years.
The alleged contract consists of two paper writings, one
in the form of a letter from W. L. Hunter, owner of the
property, to Realty Securities Corporation, a corporation
real estate agent, by which, for the sum of $10 paid and
other amounts to be thereafter at stated times paid, the
owner agreed, through said agent, to lease, for the period
stated, the lot described; the other in the form of a re-
ceipt of the same date purporting to be signed by a sales-
man of the agent corporation acknowledging a deposit with
it of $100 by I. N. Daubmyre, the complainant, in part pay-
ment for a lease for the term stated, the property being
described and the consideration to be paid as stated in
the letter being set out in the receipt. The decree was for
the defendant. It contained no specific finding. The
equities generally were found for the defendant and the
bill dismissed.

· The letter signed by defendant, which is the basis of
the action, is as follows:

"Miami, Florida, January 28, 1919.

"Realty Securities Corporation,
Miami, Florida.

Gentlemen:

"In consideration of the sum of $10.00 this date paid
by you to us, the receipt of which is hereby acknowledged,
and the further consideration of the sum of $4,000.00 an-
nually until such time of expiration of present leases now
held by the present tenants in my building, and $6,000.00
per year thereafter, and the further consideration of the
payment of all taxes and insurance and other legal assess-

ments which may be levied against my property (taxes for 1918 and present assessments excepted) I hereby agree to lease through you for a period of ninety-nine years the following described real estate located in Miami, Florida, and described as follows: lot 14 of block 117 North, of the City of Miami, according to the map of plat thereof, made by A. L. Knowlton, C. E., and recorded in the office of the Clerk· of the Circuit Court in and for Dade County, Florida.

"I agree to deliver to you a merchantable abstract of title, free from all incumbrances covering said property, and brought down to the date of the agreement of lease above provided.

"In the event that this offer is accepted by your client and this lease effected, I agree to pay the Realty Securities Corporation the sum of $1,500.00 as commission in full for this transaction in the manner following—$500.00 upon execution of said lease, $500.00 out of the second payment as provided for in this lease, and $500.00 out of the third payment.

"Witness: R. M. Erdmans.          W. L. Hunter."

The prayer of the bill is that defendant may be decreed to perform the agreement and to make a good and sufficient lease of said premises to complainant for a term of ninety-nine years under the terms and conditions of said written agreement and "under covenants usual and proper in the City of Miami, in the case of leasehold estates for said term of 99 years."

The answer denies that the defendant owner of the property received any consideration for his communication to the agent corporation, which is referred to as a "listing" of the property with the agent. It is not clear from the evidence adduced that the recited consideration, or any part of it, was paid. The consideration being denied, the burden of proving it rested upon the complainant. Dees

v. Am. Agr. Chem. Co., 86 Fla. 28, 96 South. Rep. 289; Smith v. O'Brien, 75 Fla. 252, 78 South. Rep. 13; Otis v. McCaskill, 51 Fla. 516, 41 South. Rep. 458; Braxton v. Liddon, 49 Fla. 280, 38 South. Rep. 717; Kellogg v. Singer Mnfg. Co., 35 Fla. 99, 17 South, Rep. 68.

The contract, if it be conceded that there was one, contained nothing providing for various contingencies that would necessarily arise with respect to the property and its use, such as the removal or the erection or repair and maintenance of buildings, rental, insurance, restoration in case of partial or total destruction, and the assignment or transfer of the lease, or other contingencies likely to arise, during the ninety-nine year period for which the contract, if not rescinded, would continue in force. The parties themselves, although a bona fide effort to do so seems to have been made, were unable to agree upon the terms of a lease. Forms of leases were prepared by counsel representing each of them. The several forms were examined, criticized, changes suggested, and all finally rejected because none of them were satisfactory to both parties. There is no proof of what covenants are usual and proper in the City of Miami in the case of leasehold estates for a term of ninety-nine years. The forms of leases (the originals of which are before us), prepared under the directions of the parties themselves, and the prayer of the bill indicate quite conclusively that as to a number of terms the contract was unsettled and incomplete, and suggest the difficulty of properly framing a decree for specific performance.

Specific performance of a contract for the sale or lease of land is not a matter of right in either party, but a matter of sound discretion in the court, controlled by settled principles of law and equity applicable to the particular facts, and the discretion of the chancellor in refusing specific performance of a contract for the sale or lease of real

estate will not be disturbed on appeal unless clearly erroneous. Richardson v. Varn, 80 Fla. 517, 86 South. Rep. 503; Dixie Naval Stores Co. v. German-American Lumber Co., 76 Fla. 339, 79 South, Rep 836; Murphy v. Hohne, 73 Fla. 803, 74 South. Rep. 973, L. R. A. 1917F, 594.

And it is fundamental that specific performance will not be enforced where the contract is not definite and certain as to essential terms and provisions and is incapable of being made so by the aid of legal presumptions or evidence of established customs. 25 R. C. L. 218; Rhode v. Gallat, 70 Fla. 536, 70 South. Rep. 471; Maloy v. Boyett, 53 Fla. 956, 43 South. Rep. 243; Goldstine v. Tolman, 157 Wis. 141, 147 N. W. Rep. 7; Buck v. Pond, 126 Wis. 332, 105 N. W. Rep. 909; Auer v. Mathews, 129 Wis. 143, 108. N. W. Rep. 45; Federal Land & Securities Co. v. Hatch, 147 Ia. 18, 125 N. W. Rep. 837; Bryant v. Ondrak, 34 N. Y. Sup. 384.

It has not been made to appear that there is error in the decree dismissing the bill, so it will be affirmed.

- Affirmed.

WHITFIELD, P. J., AND TERRELL, J., Concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., Concur in the opinion.