### ANDERSON v. PASCHALL et ux.

No. 12803.

Court of Civil Appeals of Texas. Fort Worth.

April 15, 1933.

Rehearing Denied May 13, 1933.

Fred T. Arnold, of Graham, and E. G. Thornton, of Olney, for appellant.

Marshall & King, of Graham, for appellees.

LATTIMORE, Justice.

Appellee sued appellant, claiming that in July, 1930, appellant orally hired him for the year 1931 as a farm foreman, agreeing to pay him $100 per month and 10 per cent. of the profits' of the farm, and guaranteeing that such 10 per cent. would not be less than $1000. Appellee performed his contract and received the $100 per month. Some months after his term of employment had expired he demanded the $1,000; appellant declined to pay, denying the making of any such contract, and, being sued, set up such denial and the statute of frauds (Rev. St. 1925, art. 3995) against an oral contract not to be performed within one year.

The jury were asked only one question, and by answering same found that appellant made the agreement.

Appellee relies on his performance of the contract to relieve him of the application of the statute of frauds.

At the expense of being tedious, but because the rule, though long settled, seems sometimes neglected in its application, we reiterate that the only basis for the interposition of equity to override the statute is fraud. A clear exposition of this is in Hooks v. Bridgewater, 111 Tex. 122, 229 S. W. 1114, 1116, 15 A. L. R. 216, where the Chief Justice said: "Whatever may be the diversity of views upon the general subject, it is clear that to warrant equity's 'breaking through the statute' to enforce such a parol contract, the case must be such that the nonenforcement of the contract—or the enforcement of the statute—would, itself, plainly amount to a fraud. This is the basis, and the only basis, for the jurisdiction which courts of equity have assumed in their creation of exceptions to the statute. When it is considered that the exercise of that jurisdiction results in any case in practically setting the statute aside, certainly there should exist some positive rule which will insure its exercise for only the prevention of an *actual fraud* as distinguished from a mere wrong, and by which the question of whether a failure to enforce the contract would result in such a fraud may be determined so surely as to leave the statute itself, through the exactness of the exception, with some definiteness of operation." (Italics ours).

"Actual fraud" has a definite meaning in our law. Its distinguishing feature from other types of fraud is the dishonest intention. U. S. v. Whyel (D. C.) 19 F.(2d) 260; Douglas v. Ogle, 80 Fla. 42, 85 So. 243; Clem v. Fulgham (Tex. Civ. App.) 4 S.W.(2d) 280; 20 Tex. Jur. 325. This does not mean that the appellant must have confessed such intent, but it does mean that the facts must show an advantage accepted which is, inter alia, inconsistent with good faith. This is clearly expressed in Lechenger v. Merchants' Nat. Bank (Tex. Civ. App.) 96 S. W. 638, 640, as follows: "It is, in general, of the essence of such act of part performance that the courts shall, by reason of the act itself, without knowing whether there was an agreement or not, find the parties unequivocally in a position different from that which, according to their legal rights, they would be in if there were no contract. But an act which, though in truth done in pursuance of a contract, admits of explanation without supposing a contract, is not, in general, admitted to constitute an act of part performance taking the case out of the statute, as, for example, the payment of a sum alleged to be purchase money."

There is nothing in the acts of Paschall which is inconsistent with the contract which Anderson performed; nothing which Anderson received which could not have been received in good faith. Paschall's duties and his execution of them were the same as the year before when he had no such contract.

Paschall received $50 per month the year of 1930. In 1931 he received $100 per month. He did the same work and on the same farm. He was rightfully there. To hold that at the end of his term he could claim additional pay that had been promised him a year and a half before would open the

door to unlimited actual fraud and invite the perjurer to the courts. To paraphrase the language of Mr. Justice Gill, supra, the acts of Paschall, though in truth done in pursuance of his claimed guaranty by Anderson, are fully explained by his admitted service for $100 per month, without supposing a contract for a guaranty of $1,000 in addition. A succinct declaration of the controlling principle is by Mr. Justice Pierson in Clegg v. Brannan, 111 Tex. 367, 234 S. W. 1076, 1078: "Acts of performance must be sufficient to identify the contract in themselves, and with no other view than to fulfill the particular contract."

Witness Brumett for appellee, after stating in hæc verba a conversation with appellant, in substance that appellant said Paschall was working for $100 per month as his farm foreman, and that, if Paschall did not make $1,000, he (Anderson) did not believe Paschall was the man he thought he was, was allowed to volunteer the statement that from that conversation he (Brumett) "got the impression that Anderson was paying Paschall a bonus of $1,000 a year." This should have been excluded on objection, being a conclusion on the part of the witness. It was particularly noticeable because the witness stated that the $1,000 was never mentioned to him by Anderson other than in the conversation above outlined.

The judgment of the trial court is reversed, and, for the reason that this contract is not relieved from the operation of the statute of frauds, is here rendered for appellant.