SMITH, Judge.
Medicaid Program Integrity, Department of Health and Rehabilitative Services, appeals an order dismissing its civil complaint against Conval-Care, Inc., a Medicaid provider, for breach of contract damages, treble damages for civil theft, and injunctive relief. We agree with the trial court’s ruling that the legislature, in enacting section 409.901 et seq., Florida Statutes (1991), contemplated that when a Medicaid provider is charged with accepting overpayments, which the provider disputes, the administrative forum under Chapter 120, Florida Statutes, is the *118 appropriate forum to resolve the controversy. We therefore affirm the trial court’s order dismissing the complaint.
The Department of Health and Rehabilitative Services is the state agency designated to administer payments under the Medicaid program. § 409.902, Fla.Stat. (1991). In its complaint, the Department charged that Conval-Care breached its provider contracts with the Department in several material respects. Although the Department seeks substantial damages for these breaches, section 409.913(8)(h) provides for administrative sanctions against a provider not in compliance with the provider agreement, and section 409.913(9) sets forth what those sanctions may be. Further, section 409.335(2) provides for an administrative hearing pursuant to Chapter 120 to resolve overpayment issues. Therefore, even though the controversy between these parties can be cast in terms of a breach of contract action, over which the Department would have no jurisdiction, the better view of this action is that it is an overpayment dispute resulting from noncompliance with the provider agreement. Under the clear mandate of the statutes, primary jurisdiction for the resolution of this dispute lies in the administrative forum.
We next note that there is no provision in any of these statutes that permits the Department to sue a Medicaid provider for civil theft under these circumstances. In Gordon v. Omni Equities, Inc., 605 So.2d 538 (Fla. 1st DCA 1992), this court declined to extend Rosen v. Marlin, 486 So.2d 623 (Fla. 3d DCA), rev. denied, 494 So.2d 1151 (Fla.1986), and explained that a civil theft cause of action is not available where there is a contractual relationship between the parties and recovery is sought pursuant to the terms of the contractual agreement. On the other hand, where existence of the contract is merely incidental to the felonious civil theft schemes, there may be an award of treble damages. In this case, the provider agreement is not merely incidental to the alleged civil theft schemes. In contrast, section 409.-910(17)(a) permits a civil theft cause of action against a third-party payer guilty of fraud; but in that instance, there is no contract between the Department and the third-party payer.
Accordingly, as the trial court correctly determined, in the event that the Department suspects fraudulent activity on the part of Conval-Care, this conduct cannot be the subject of a civil theft suit brought by the Department, but instead, under the statutory scheme, the Department is required to report its suspicions to the Auditor General. § 409.913(3), Fla.Stat. (1991). The Auditor General is then required, under section 409.-920, to refer criminal activity to the appropriate state attorney for prosecution.
For the reasons above stated, the order on appeal is AFFIRMED.
BARFIELD and LAWRENCE, JJ., concur.