CORTIÑAS, Judge.
Appellant, Marjorie Woodruff, appeals from an order dismissing counts I, II, and IV of her Third Amended Cross-claim with prejudice. We affirm.
Appellant was a tenant at the Harbour House which had recently been purchased by TRG-Harbour House, Ltd. (“TRG”). TRG converted the property to condominiums and Appellant was given the right to purchase the rental unit in which she lived. Subsequently, on or about June 10, 2005, Appellant exercised her right to purchase the unit and entered into a Purchase Agreement with TRG. Section 22 of the Purchase Agreement prohibited Appellant from either assigning the agreement or its rights therein and also prohibited Appellant from listing the unit for resale without the prior written consent of TRG.
The record reflects that, at about the same time Appellant entered into the Purchase Agreement with TRG, she also entered into an agreement with Anne Kirsehner (“Kirsehner”), in which she allegedly assigned her rights and interest under the Purchase Agreement to Kir-sehner. Shortly thereafter, TRG became aware that Appellant had entered into an agreement with Kirsehner and that it was Kirsehner, not Appellant, who deposited the funds required to purchase the unit.
Upon learning of the agreement between Appellant and Kirsehner, TRG’s attorney, Robert Ragan (“Ragan”), visited Appellant. During this meeting, Appellant executed a letter (“Termination Letter”) affirmatively terminating the Purchase Agreement with TRG and forfeiting her deposit. Thereafter, Kirsehner filed a complaint for breach of contract against Appellant and Appellant filed a cross-claim against TRG.
Appellant’s Third Amended Cross-claim (“cross-claim”) against TRG sought relief under five counts.[1] Relevant to this appeal are counts I and II, which seek specific performance and claim breach of contract, respectively, as well as count IV, which is an action for elder abuse pursuant to section 415.1111, Florida Statutes (2005). Counts I and II depend on allegations that the Termination Letter should be of no force or effect because Appellant executed the document “under duress, coercion, intimidation, misrepresentation and was not competent at the time.” To make a claim for duress in her counts for specific performance and breach of contract, Appellant alleged that when Ragan went to her home, he advised her that:
by making the agreement with Kir-sehner ... she [ ] had committed a fraud on TRG and couched his words in such a manner as to make [her] believe that she had committed an illegal act, even possibly a criminal act, and she would suffer unspecified adverse serious consequences for entering into the agreement with Kirsehner.
Further, Appellant claimed that Ragan used his superior position as an attorney and, “under the guise of helping [Appellant] to avoid the adverse serious consequences as put forth by Ragan[,] ‘offered’ to allow [Appellant] to cancel the purchase contract and forfeit the deposit.”
Thereafter, TRG filed a motion to dismiss the cross-claim arguing that, taking the allegations as true, Appellant failed to sufficiently allege duress, coercion, intimi *250 dation, misrepresentation, incompetence or elder abuse. Moreover, TRG contended that, by entering into the agreement with Kirsehner without TRG’s written consent, Appellant breached the Purchase Agreement and thereby excused further performance by TRG and foreclosed her ability to maintain an action for specific performance. The trial court granted TRG’s motion to dismiss the cross-claim. Appellant’s appeal followed.
Without addressing whether Appellant foreclosed her ability to maintain an action for specific performance as a result of her own breach of the Purchase Agreement, we find that the trial court properly dismissed the cross-claim counts on appeal with prejudice.
“Duress involves a step beyond mere illegality and implies that a person has been unlawfully constrained or compelled by another to perform an act under circumstances which prevent the exercise of free will.” See McLaughlin v. Fla., Dep’t of Natural Res., 526 So.2d 934, 936 (Fla. 1st DCA 1988). To state a cause of action for duress, a plaintiff must demonstrate “(1) that one side involuntarily accepted the terms of another, (2) that circumstances permitted no other alternative, and (3) that said circumstances were the result of coercive acts of the opposite party.” Id.
Here, a review of the three elements of duress reveals that counts I and II of the cross-claim were properly dismissed by the trial court. Addressing the first and third prong, these counts are devoid of any language demonstrating that Appellant signed the Termination Letter as a result of Ragan’s coercive behavior. As alleged, the only events that occurred during the meeting at Appellant’s home that were arguably improper were statements by Ragan that the Appellant had committed an illegal act and that, as a result, she may be confronted with legal action.[2] Addressing the second prong, counts I and II of the cross-claim do not contain allegations sufficient to show that the circumstances surrounding the events that transpired gave the Appellant no other alternative but to sign the Termination Letter. Without more, Ragan’s act of “offer[ingj ” Appellant an opportunity to cancel the Purchase Agreement and, in so doing, making the Appellant subjectively “believe ” she had committed a fraud, do not indicate Appellant had no other alternative than to sign the Termination Letter in order to avoid other consequences. As such, these allegations are insufficient to show that Appellant signed the Termination Letter involuntarily and as a result of coercive acts.
Moreover, under the facts set forth in the cross-claim, Appellant cannot maintain a claim for elder abuse under section 415.1111, Florida Statutes (2005). Appellant has failed to set forth facts sufficient to state a claim that Appellant was a “vulnerable adult.” See § 415.102, Fla. Stat. (2005) (defining a “vulnerable adult” as “a person 18 years of age or older whose ability to perform the normal activities of daily living or to provide for his or her own care or protection is impaired due to a mental, emotional, long-term physical, or developmental disability or dysfunctioning, or brain damage, or the infirmities of aging”).
Because the allegations are insufficient to establish that Appellant signed the Termination Letter as a result of duress, coercion, intimidation, misrepresentation, or in *251 competency, Appellant failed to state a cause of action for specific performance. Additionally, Appellant failed to ' state a cause of action for elder abuse. Thus, the trial court properly granted TRG’s motion to dismiss the cross-claim.
Affirmed.

. The trial court's dismissal of count III, which related to the escrow agent, and count V, which was an action for unfair trade practices, were not raised on appeal.

. We note that Appellant failed to allege that Ragan knowingly made false statements and, therefore, she failed to establish the requisite elements of misrepresentation. Biscayne Inv. Group, Ltd. v. Guarantee Mgmt. Servs., Inc., 903 So.2d 251 (Fla. 3d DCA 2005).