[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12839
Non-Argument Calendar
_____

D.C. Docket No. 3:10-cv-00718-TJC-MCR


CHRISTOPHER A. BERMAN,

Plaintiff-Appellant,

TRIFECTA GAMING USA, INC.,

Plaintiff,

versus

THOMAS KAFKA,
JULIE KAFKA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 9, 2013)

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

In this case, before a Magistrate Judge, the parties—Christopher Berman and Thomas and Julie Kafka—entered into a settlement agreement, the terms of which were placed on the record. After the Kafkas' attorney formalized the agreement, Berman refused to sign it. The Magistrate Judge then held a hearing and issued a Report and Recommendation ("R & R") recommending that the agreement as drafted be enforced according to its terms. Berman objected to the R & R before the District Judge. He also moved the court separately to disqualify the Kafkas' attorney for conflict of interest and to "withdraw from the Stipulated Settlement Agreement and to Re-Negotiate" because (1) he was on pain medication that reduced his capacity to agree to a settlement; (2) the Kafkas' attorney had a conflict of interest; and (3) he was fraudulently induced to agree to certain settlement terms because the Kafkas misrepresented that they were properly incorporated in Florida. Order, April 24, 2012.

The District Judge rejected Berman's motion to disqualify as frivolous; denied the motion to withdraw from the settlement agreement as "unpersuasive," and ordered the settlement "effective according to its terms notwithstanding the absence of Plaintiff's signature." Id. at 3. Berman now appeals, arguing that the District Judge should have held an evidentiary hearing to permit him to establish

2

fraud in the inducement, that he was under duress when he agreed to the settlement, that the settlement was the product of mistake, and that the pain medications he was taking at the time impaired his capacity to contract. We affirm.

We review the decision to enforce a settlement agreement without an evidentiary hearing for an abuse of discretion. *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1485 (11th Cir. 1994). Summary enforcement of an alleged settlement is improper when there is a substantial factual dispute as to its terms. *Id.* at 1486.

The contract law of the forum state governs the construction and enforcement of settlement agreements. *Wong v. Bailey*, 752 F.2d 619, 621 (11th Cir. 1985). In Florida, courts favor settlement agreements and will enforce them when it is possible to do so. *Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985). Entering into a valid contract requires, among other things, capacity of the parties to enter a contract and a meeting of the minds. *Id.* at 1385-86; *Douglas v. Ogle*, 85 So. 243, 244 (Fla. 1920).

As to capacity, in Florida, "mere weakness of mind, unaccompanied by any other inequitable incident, if the person has sufficient intelligence to understand the nature of the transaction and is left to act upon his own free will, is not a sufficient ground to set aside an agreement." *Douglas*, 85 So. at 244; *see also Feinberg v.*

3

*Leach*, 243 F.2d 64, 67-68 (5th Cir. 1957) (holding that "mere incapacity of a party is no reason for cancelling a written agreement whose terms that party correctly heard and evidently understood").

In Florida, an objective test is used to determine whether a contract is enforceable—"The making of a contract depends not on the agreement of two minds in one intention, but on the agreement of two sets of external signs—not on the parties having meant the same thing but on their having said the same thing." *Robbie*, 469 So. 2d at 1385. A court will enforce a settlement agreement as long as there is objective evidence to enable the court to discover the essential terms of the settlement. *Id.* at 1386. A settlement agreement is enforceable if there is a clear understanding of the agreement on the record "notwithstanding that it was subject to being reduced to writing at a later time." *Farrell v. Farrell*, 661 So. 2d 1257, 1258-59 (Fla. Dist. Ct. App. 1995).

A settlement agreement should not be invalidated unless there is "(1) failure of the agreement to satisfy required elements for a contract, (2) illegality, (3) fraud, (4) duress, (5) undue influence or, (6) mistake." *Lotspeich Co. v. Neogard Corp.* 416 So. 2d 1163, 1165 (Fla. Dist. Ct. App. 1982).

In order to prevail on a claim for fraud in the inducement, a party must show: (1) the misrepresentation of a material fact; (2) knowledge that the representation is false; (3) intent to induce reliance; and (4) an injury from

4

justifiable reliance. *Palumbo v. Moore*, 777 So. 2d 1177, 1179 (Fla. Dist. Ct. App. 2001). Fraud in the inducement of a contract renders that contract voidable. *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours and Co.*, 761 So. 2d 306, 313 (Fla. 2000).

Duress is a condition of the mind produced by an improper external pressure or influence that practically destroys the free agency of a party. *Cooper v. Cooper*, 69 So. 2d 881 (Fla. 1954). To demonstrate duress, a party must show "(1) that one side involuntarily accepted the terms of another, (2) that circumstances permitted no other alternative, and (3) that said circumstances were the result of coercive acts of the opposite party." *Woodruff v. TRG-Harbour House, Ltd.*, 967 So. 2d 248, 250 (Fla. Dist. Ct. App. 2007).

A settlement agreement can be rescinded for unilateral mistake if, among other things, "the mistake did not result from an inexcusable lack of due care." *Stamato v. Stamato*, 818 So. 2d 662, 664 (Fla. Dist. Ct. App. 2002). For example, in that case, it was not a mistake warranting rescission when the trial court had ruled on a motion and the appellant was unaware of the ruling at the time of settlement. *Id.* at 663-65.

The District Court did not abuse its discretion here in finding that the parties formed an oral contract. First, Berman had capacity to contract, as he was left to act upon his own free will, and he failed to show any inequity beyond "mere

5

weakness of mind."  Second, both parties agreed to the agreement's essential terms—a monetary settlement payment, dismissal of certain lawsuits, and confidentiality—and there was an external showing of agreement as to these terms. Berman's alleged internal confusion as to those terms did not prevent the formation of the contract.  In light of the above, Berman and the Kafkas entered into an oral contract to settle with no substantial dispute as to the terms which required an evidentiary hearing.

The court properly found no evidence of fraud in the inducement of the contract.  Berman failed to demonstrate justifiable reliance on any statement that other actions were not fraudulent given that he alleged that those other actions were fraudulent in his initial complaint.  Second, he failed to meet the high standard required to show duress because his pain and the medications he took prior to attending the settlement conference were not the result of "coercive acts of the opposite party."  Finally, he failed to meet the requirements for a unilateral mistake.  He alleges that he mistakenly thought certain suits were valid and that he later learned they were statutorily barred under Florida law.  However, due diligence would have allowed for discovery of any statutory bar prior to the settlement conference, and the lack of due care did not result in an excusable mistake.

The judgment of the District Court is accordingly

6

AFFIRMED