# Third District Court of Appeal
## State of Florida

Opinion filed February 28, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1744
Lower Tribunal No. 22-15420
_____

## Agency for Persons with Disabilities,
Appellant,

vs.

## Angel Heart Support Services, Inc.,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Oscar Rodriguez-Fonts, Judge.

Francis Carbone, General Counsel, and Carrie B. McNamara, Chief Appellate Counsel (Tallahassee), for appellant.

Law Office of George B. Lewis, and G. Barrington Lewis (Boynton Beach), for appellee.

Tracy Lee Cooper George, Chief Appellate Counsel (Tallahassee), for the State of Florida, Agency for Health Care Administration, as amicus curiae.

Before EMAS, LINDSEY, and GORDO, JJ.

LINDSEY, J.

Appellant the Agency for Persons with Disabilities ("APD") appeals from a non-final Order granting a temporary injunction enjoining it from terminating its Medicaid Waiver Services Agreement with Appellee Angel Heart Support Services, Inc.[1]  APD terminated the Agreement with notice pursuant to a termination clause.  Because Florida law expressly requires that Medicaid provider agreements "shall be terminable by either party after reasonable notice," § 409.907(2), Florida Statutes (2023), and Angel Heart did not challenge the validity of the statute below, it has not demonstrated substantial likelihood of success on the merits as a matter of law. Accordingly, we reverse the temporary injunction.

## I.    BACKGROUND

Angel Heart provides home and community-based services to individuals with developmental disabilities in Miami-Dade County.  APD, in consultation with the Agency for Health Care Administration ("AHCA"), provides funding for home and community-based services rendered to Medicaid recipients.  See § 393.0662, Fla. Stat. (2023).  Angel Heart and APD were parties to a Medicaid Waiver Services Agreement for said

---

[1] We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3) ("Appeals to the district courts of appeal of nonfinal orders are limited to those that . . . (B) grant, continue, modify, deny, or dissolve injunctions, or refuse to modify or dissolve injunctions . . . .").

services.[2]  It is undisputed that this Agreement is a Medicaid provider agreement and is therefore subject to certain statutory requirements.

As this Court has previously explained, the statutory framework applicable to Medicaid provider agreements is § 409.907.  Diaz v. State, Agency for Health Care Admin., 65 So. 3d 78, 80 (Fla. 3d DCA 2011). Pursuant to § 409.907(2), a Medicaid provider agreement "shall be a voluntary contract" and "shall be terminable by either party after reasonable notice . . . ."  Consistent with this statutory provision, the Agreement contains a termination clause that allows either party to terminate "without cause, upon no less than 30 calendar days' notice in writing to the other party . . . ." As in Diaz, "[i]t is clear, therefore, that the Provider Agreement involved in this case was authorized by statute, freely entered into by both parties, and contained a termination without cause provision that was equally available to both parties."  65 So. 3d at 81.

In August 2022, APD sent Angel Heart a written Notice of Termination, via certified mail, in accordance with the Agreement's termination clause. The Notice cited § 409.907 and this Court's opinion in Diaz.  A few days later,

---

[2] The Medicaid Waiver Program allows a Medicaid recipient to waive institutionalized care and instead receive home and community-based services.  See generally 42 U.S.C. § 1396n(c).  In Florida, the Medicaid waiver program for home and community-based services is called the iBudget system.  § 393.0662, Fla. Stat. (2023).

Angel Heart filed a Complaint for declaratory and injunctive relief arguing that the Agreement was unconscionable, signed under duress, and in violation of federal Medicaid law. Angel Heart also filed the underlying Emergency Motion for Temporary Injunction raising the same arguments in its Complaint.

Angel Heart specifically challenged the termination clause, arguing that it unreasonably favored APD and was therefore unconscionable. Angel Heart further argued that the Agreement was executed under duress because it had no choice but to accept the termination clause. Finally, Angel Heart argued that the termination clause was in violation of the Code of Federal Regulations governing Medicaid. Despite the clear statutory requirement in § 409.907(2) that the Agreement "shall contain" a termination without cause provision, at no point below did Angel Heart challenge the validity of the statute.

Following a hearing, the trial court entered the Order under review, which granted a temporary injunction and enjoined APD from terminating the Agreement.[3] The court determined that there was a substantial likelihood

---

[3] "In order to establish the right to a temporary injunction the moving party must show: the likelihood of irreparable harm; the unavailability of an adequate remedy at law; the substantial likelihood of success on the merits; the threatened injury to the petitioner outweighs the possible harm to the respondent; and the granting of the temporary injunction will not disserve the

of success on the merits because the termination clause was unconscionable[4] and resulted in duress.[5] However, the trial court did not address the threshold issue regarding the validity of § 409.907(2), which requires that the Agreement contain the termination clause. APD timely appealed.

## II.    ANALYSIS

The issue before us is controlled by a statute, which is presumed to be valid. See, e.g., State v. Wittman, 794 So. 2d 725, 727 (Fla. 3d DCA 2001) ("Legislative enactments are presumptively valid."). Because this is a legal issue, our standard of review is de novo. See Telemundo Media, LLC v. Mintz, 194 So. 3d 434, 435 (Fla. 3d DCA 2016) ("The abuse of discretion standard generally applies on the appeal of orders that grant or deny

---

public interest." Chevaldina v. R.K./FL Mgmt., Inc., 133 So. 3d 1086, 1089 (Fla. 3d DCA 2014).

[4] "Unconscionability is a common law doctrine that courts have used to prevent the enforcement of contractual provisions that are overreaches by one party to gain 'an unjust and undeserved advantage which it would be inequitable to permit him to enforce.'" Basulto v. Hialeah Auto., 141 So. 3d 1145, 1157 (Fla. 2014) (quoting Steinhardt v. Rudolph, 422 So. 2d 884, 889 (Fla. 3d DCA 1982)).

[5] "Duress involves a step beyond mere illegality and implies that a person has been unlawfully constrained or compelled by another to perform an act under circumstances which prevent the exercise of free will." Woodruff v. TRG-Harbour House, Ltd., 967 So. 2d 248, 250 (Fla. 3d DCA 2007) (quoting McLaughlin v. State, Dept. of Nat. Res., 526 So. 2d 934, 936 (Fla. 1st DCA 1988)).

5

temporary injunctions, but the standard of review is de novo if a legal principle is involved.").

APD argues there is no likelihood of success on the merits *as a matter of law* because the termination clause is required by statute.[6]  Similarly, AHCA—the agency responsible for administering Florida's Medicaid Program—argues in its amicus brief that the trial court failed to recognize that Florida Medicaid contractors are governed by Florida Medicaid Law, which supersedes common law contract principles.  We agree.  See Diaz, 65 So. 3d at 81 ("[T]he operation of law will sometimes effect a circumvention of the traditional rule." (citing Medicaid, Program Integrity, Dep't of Health & Rehab. Servs. v. Conval–Care, Inc., 636 So.2d 117, 118 (Fla. 1st DCA 1994) (holding that in a Medicaid overpayment dispute, the statute requiring an administrative hearing supersedes the traditional rule providing that the agency lacks jurisdiction))).

Section 409.907(2) unambiguously requires Medicaid provider agreements, like the one here, to "be terminable by either party after reasonable notice . . . ."  On appeal, Angel Heart does not dispute that the termination clause is required by statute but argues that the statute conflicts

---

[6] In its amicus brief, AHCA asserts that there are nearly 220,000 Medicaid provider agreements in Florida, all of which are subject to the requirements of § 409.907, including that the agreements shall be terminable by either party after reasonable notice.

6

with "the general principle of fairness."[7] Angel Heart further contends that it "has and is challenging the validity of § 409.907." However, nothing in the record before us reveals that Angel Heart challenged the validity of the statute below.

"It is well established that issues not properly preserved are waived." State v. Clark, 373 So. 3d 1128, 1131 (Fla. 2023). Because Angel Heart did not challenge the validity of the statute in the trial court, this argument has not been preserved for appellate review.[8] See, e.g., Tillman v. State, 471 So. 2d 32, 35 (Fla. 1985) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.").

## III.   CONCLUSION

---

[7] We have previously rejected a similar fairness argument. See Diaz, 65 So. 3d at 82–83 ("We are mindful that as longtime providers under Florida's Medicaid program, the Diaz appellants expected continued participation, and the termination without cause of the Provider Agreement may effectively put them out of business. Although this result may appear harsh, based on the statutory authority and case law discussed above, the agencies' decision was entirely appropriate.").

[8] Angel Heart's vague and conclusory challenge to the statute appears to rely on federal preemption—that is, that § 409.907 conflicts with federal law. We recognize that a constitutional facial challenge to a statute can be raised for the first time on appeal. See Westerheide v. State, 831 So. 2d 93, 105 (Fla. 2002). To the extent Angel Heart raises such a facial challenge, we summarily reject the argument as legally insufficient.

7

Because Florida law expressly requires that the Agreement "shall be terminable by either party after reasonable notice," § 409.907(2), and Angel Heart did not challenge the validity of the statute below, it has not demonstrated a substantial likelihood of success on the merits as a matter of law. We therefore reverse the temporary injunction and remand for further proceedings.

Reversed and remanded.