459 So.2d 405 (1984)
Chester E. BORCK, Jessie L. Borck, James Borck, and Judith L. Borck, Individually and D/B/a Borck Associates, Appellants,
v.
Daniel J. HOLEWINSKI, et al., Appellees.
No. 84-1301.
District Court of Appeal of Florida, Fourth District.
November 14, 1984.
Rehearing Denied December 21, 1984.
Gary, Dytrych & Ryan, North Palm Beach, and Larry Klein, West Palm Beach, for appellants.
Linda Cargill Smith of Gorman & Horvath, P.A., North Palm Beach, for appellees.
HERSEY, Judge.
The trial court entered an order staying arbitration of a dispute arising out of a construction contract, which order is appealed here.
Appellants, owning a residence, entered into a contract with appellee as architect and general contractor, for extensive remodeling of the property. The construction contract contained an arbitration clause which provided:
All claims, disputes and other matters in question between the Contractor and the Owner arising out of, or relating to, the Contract Documents of [sic] the breach thereof, ... shall be decided by Arbitration... .
Because of allegedly unforeseeable difficulties encountered in construction, there was first a verbal modification of the contract followed by commencement of this action by the contractor for rescission of the contract on the ground of mutual mistake. Appellants moved to dismiss the complaint and to compel arbitration. Appellee moved to enjoin arbitration, the granting of which motion occasioned the present appeal.
The complaint clearly seeks rescission of the contract in its entirety. The effect of rescission is to render the contract abrogated and of no force and effect from the beginning. Restatement (First) of Contracts § 349 comment a (1932). If there is no contract, there can be no arbitration clause "of the contract." This simplistic approach, a by-product of the continuing *406 search for consistency of result and simplicity of application of the law, is not without its philosophical detractors. Thus we have the school of thought that under appropriate circumstances an arbitration clause may be treated as severable from the remainder of the contract or, indeed, as a separate and distinct agreement ab initio. The authorities are collected in a scholarly opinion by Circuit Judge Aldrich in Lummus Co. v. Commonwealth Oil Refining Co., 280 F.2d 915 (1st Cir.), cert. denied, 364 U.S. 911, 5 L.Ed.2d 225, 81 S.Ct. 274 (1960).
For our part we choose the path of simplicity and endorse the holding and rationale adopted by our sister court in R.B.F. Management Co. v. Sunshine Towers Apartment Residences Ass'n, 352 So.2d 561 (Fla. 2d DCA 1977). The effect of that opinion is to require the trial court to make an initial finding as to whether a prima facie case is made to support a claim for "true" rescission (as opposed to partial rescission in conjunction with a claim for damages and other relief: a misnomer). If a prima facie case is made, then arbitration is abated pending trial of the rescission issue. If rescission is granted, then
this would necessarily leave the parties with no contract at all. Thereupon, the court would, in the exercise of its complete jurisdiction, continue with such further proceedings as might be required to return the parties to their original positions as nearly as possible. If rescission is denied the court will be faced with the problem of whether it may retain jurisdiction upon demand of either of the parties for arbitration.
Id. at 564.
Cf. Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So.2d 286 (Fla. 3d DCA 1980) (enforcement of arbitration clause proper where plaintiffs did not seek rescission or cancellation of the contract).
We therefore affirm the order enjoining arbitration and remand for further proceedings.
AFFIRMED and REMANDED.
DOWNEY and LETTS, JJ., concur.