567 So.2d 540 (1990)
Marilyn HYMOWITZ, Appellant,
v.
Jeanette DRATH, Appellee.
No. 89-1508.
District Court of Appeal of Florida, Fourth District.
October 3, 1990.
*541 Charles L. Curtis of Allsworth, Doumar, Cazel, Curtis & Cross, Fort Lauderdale, for appellant.
Linda R. Spaulding of Conrad, Scherer & James, Fort Lauderdale, for appellee.
WARNER, Judge.
This appeal emanates from an order confirming an arbitration award entered in a business dispute. Because the arbitrators exceeded their statutory powers under section 682.13(1)(c), Florida Statutes (1987), we reverse.
The appellee Drath contracted to purchase a half interest in appellant Hymowitz' jewelry business. The agreement reached was that Drath would pay $25,000 for the stock plus make loans to the corporation in the amount of $76,840.00. Drath paid $60,000 in cash and executed two promissory notes, one for $25,000 and one for $16,840. The $60,000 cash and the $16,840 note were considered loans to the corporation, and the $25,000 note was for the purchase of the stock. Hymowitz held the stock in escrow until the notes were paid in full. A shareholder's agreement was also executed which provided for arbitration of "any dispute or disagreement affecting management and/or business policies of corporation and/or disagreement which cannot be amicably resolved by the parties."
Before the notes were paid, Hymowitz assigned the two notes to a third party. This event, plus Drath's discovery that Hymowitz had misrepresented the value of the corporation, prompted Drath to stop paying on the notes and file suit to compel arbitration. The complaint filed by Drath simply noted the assignment of the notes and that disagreements had arisen over the management of the corporation, and she requested arbitration.
There are only two references in orders to arbitration in this record. The first is a one line note in an order appointing a receiver for the business which states "she [Drath] has substantial likelihood of prevailing on the merits and therefore am ordering arbitration." The second is part of an order on Defendant's Motion to Dissolve Temporary Injunction and to Vacate Order Appointing Receiver. In that order the court states "the request for arbitration will be GRANTED and the Arbitrator will determine the division of the inventoried assets." At the hearing which preceded this order Drath's attorney specifically represented that appellee was not seeking rescission of the entire contract.
The parties proceeded to arbitration. However, there is nothing in the record to indicate what issues were submitted for arbitration other than the orders set forth above. The arbitrators found that the management of the business was deadlocked, and the business should be liquidated. In addition, the arbitrators also found that Hymowitz had made misrepresentations concerning the purchase of the business which affected the goodwill so that Drath would not have paid the $25,000 for goodwill. The arbitrators then ordered cancellation of both unpaid notes held by the third party. In addition, the arbitrators gave Drath a judgment for $124,000, which included $25,000 for loss of goodwill, $64,000 for what should have been the value of Drath's one-half interest in the business, and costs and attorney's fees.
*542 Hymowitz moved to vacate or modify the award because the cancellation of the notes was in excess of the arbitrator's powers, and the award of damages was in excess of the amount Drath had invested in the company. Hymowitz' position was that cancellation of the promissory notes was tantamount to rescinding the contract. Since rescission disavows the contract, of which arbitration was a part, the arbitrators were without authority to negate the very contract which vested them with their authority.
The trial court ultimately confirmed the award. While it acknowledged that since the notes had been assigned to a third person not a party to these proceedings, and the notes themselves could not be cancelled, nevertheless, Drath was still relieved of the debt, in accordance with the arbitrators' award. From the judgment, Hymowitz appeals.
Hymowitz claims here, as she did in the trial court, that the arbitrators exceeded their powers when they cancelled the promissory notes which formed the underlying agreement whereby Drath purchased stock and became a shareholder in the corporation. What in essence the arbitrators did was to treat Drath as a full shareholder but cancelled her stock purchase obligation. The provision for payment, however, is a dependent covenant to the stock purchase agreement. See Pershing Industries, Inc. v. Shupnick, 325 So.2d 410 (Fla. 3d DCA 1976). Therefore, cancellation of the purchase money note amounted to a rescission of the stock purchase agreement itself. Pershing. Since the cancellation of the stock purchase agreement extinguishes Drath's position as a shareholder in the corporation, it of necessity also extinguishes the shareholder's agreement which contains the arbitration clause.
In Borck v. Holewinski, 459 So.2d 405 (Fla. 4th DCA 1984), this court held that a party cannot arbitrate when what is sought is rescission of the contract itself.
The effect of rescission is to render the contract abrogated and of no force and effect from the beginning. Restatement (First) of Contracts § 349 comment a (1932). If there is no contract, there can be no arbitration clause "of the contract."
Borck at 405. In doing so, this court approved the reasoning of R.B.F. Management Co. v. Sunshine Towers Apartment Residences Ass'n, Inc., 352 So.2d 561 (Fla. 2d DCA 1977). We think it follows from Borck that where the parties arbitrate, the arbitrators exceed their powers if their award rescinds the very obligation which is the foundation of the contract from which they derive their authority.
We thus hold that the arbitrators exceeded their powers when they cancelled the underlying obligation forming the foundation of the entire transaction. Therefore, the trial court erred in denying the appellant's motion to vacate, modify and correct award. We thus remand this case for further proceedings consistent with section 682.13(3) and 682.14, Florida Statutes (1987).
LETTS and DELL, JJ., concur.