W. SHARP, Judge.
Thomas and Sandra Laniewicz appeal from a final order confirming an arbitration award in their claim against Ruten- *204 berg Construction Company. Rutenberg sold the Laniewiczes a lot and constructed a home for them on the lot for $71,590, pursuant to a contract which required resolution of all claims and disputes “arising out of this agreement” by arbitration.[1] The Laniewiczes sued Rutenberg for damages because of excessive “defects, flaws, imperfections, and deficiencies” in the construction of their home. Pursuant to the parties’ contract, the matter was referred to arbitration. Although neither party pled nor sought the remedy of rescission, the arbitrator rescinded the contract and ordered the Laniewiczes to reconvey the house and lot to Rutenberg, and ordered Rutenberg to pay damages and assume or pay the Laniewiczes liability on their mortgage.
The Laniewiczes argue initially that the trial court should not have confirmed the award, because the ordered reconveyance of the property violates their homestead rights of the Florida Constitution.[2] They also argue that the award exceeded the arbitrator’s powers and jurisdiction because neither party to this proceeding requested nor sought such a remedy and because once the contract upon which the duty to arbitrate is voided, the arbitrator is left without authority or jurisdiction to arbitrate. See Borck v. Holewinski, 459 So.2d 405 (Fla. 4th DCA 1984); Hymowitz v. Drath, 567 So.2d 540 (Fla. 4th DCA 1990).
The arbitrator in this case found that the defects in the construction were Ruten-berg’s fault and responsibility, but that Ru-tenberg had not remedied the defects for a period of two years. He concluded it was “unreasonable” to expect Rutenberg to cure them now. The damages sustained by the Laniewiczes exceeded $40,000, but would cost Rutenberg much less to take the house back and repair it “wholesale.” The arbitrator concluded this was a “classic” case for rescission.
We disagree. The remedy of rescission is an ancient equitable one devised by the courts where monetary damages are inadequate or where one party, having a right, elects that remedy. Regnvall v. Sayle, 45 So.2d 674 (Fla.1950); Gregg Corp. v. Burdine, 100 Fla. 1751, 129 So. 868 (1930). Here, there is no showing that monetary damages would not have sufficed, and neither party asked for rescission. Such a judgment would have been erroneous had it been rendered by a lower court. Central Florida Antenna Service, Inc. v. Crabtree, 503 So.2d 1351 (Fla. 5th DCA 1987); Duncan Properties v. Key Largo Ocean View, Inc., 360 So.2d 471 (Fla. 3d DCA), dismissed, 362 So.2d 1054 (Fla.1978).
Here, we are essentially reviewing an arbitrator’s award which finds that the arbitration contract should be rescinded. We are hesitant to say that under no circumstances could an arbitrator determine that a contract should be rescinded, given a different wording of the arbitration clause, and a specific request for rescission in the submission to the arbitrator. However, in this case we think the award exceeded the powers of the arbitrator. See Complete Interiors, Inc. v. Behan, 558 So.2d 48 (Fla. 5th DCA), rev. denied, 570 So.2d 1303 (Fla.1990); § 682.13(1)(c), Fla.Stat. (1989).
*205 Therefore, the lower court should not have confirmed the arbitration award, and we reverse that order of confirmation. On remand, the lower court should allow the parties to resubmit the damages issue to arbitration.
REVERSED and REMANDED.
COBB and GOSHORN, JJ., concur.

. The contract provided:
CONTRACT DISPUTES: All claims or disputes between Buyer and Seller arising out of this agreement shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association unless parties mutually agree otherwise. Notice of demand for arbitration shall be filed in writing with the other party and with the American Arbitration Association. The award rendered by the arbitrators shall be final and binding and judgement [sic] may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

. Art. X, § 4, Fla. Const.
SECTION 4. Homestead; exemptions.—
(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
(1) a homestead ...