584 So.2d 1092 (1991)
Thomas R. ROGERS, Appellant,
v.
John J. MITZI and Francis J. Gorman, Appellees.
Nos. 89-2577, 90-263.
District Court of Appeal of Florida, Fifth District.
August 15, 1991.
Second Rehearing Denied September 12, 1991.
*1093 Jodi R. Lazar of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, Orlando, for appellant.
James J. Files of Cloninger and Files, Oviedo, for appellees.

ON MOTION FOR REHEARING AND/OR CLARIFICATION
DIAMANTIS, Judge.
We grant rehearing pursuant to the timely motion filed by appellees, withdraw the prior opinion, and issue the following in its place.
Appellant/defendant below Thomas R. Rogers brings this consolidated appeal from the final judgment entered in favor of appellees/plaintiffs below John J. Mitzi and Francis J. Gorman following a non-jury trial. We affirm in part, reverse in part, and remand for further proceedings.
The parties in this case were partners in various real estate investments by virtue of two partnership agreements and a trust agreement, all of which were drafted by Rogers. Mitzi and Gorman contributed cash to the partnerships while Rogers contributed a combination of cash, management *1094 and legal services, and improvements to the investment property. Mitzi and Gorman brought an action against Rogers alleging breach of fiduciary duty, fraud and deceit, conversion, and sale of unregistered securities. The trial court found Rogers guilty of constructive fraud and awarded compensatory damages to Mitzi and Gorman in amounts equal to their respective cash investments, and punitive damages.
In case number 89-2577 Rogers appeals the order of the trial court denying his motion to recuse. Finding no merit in the issue raised by Rogers we affirm the order of the trial court.
In case number 90-263 Rogers appeals the final order of the trial court finding Rogers guilty of constructive fraud. Rogers argues that the trial court erred in finding constructive fraud because this theory was not properly pled in the plaintiffs' complaint. This argument lacks merit. The theory of constructive fraud is plead in count two of the fourth amended complaint which alleges breach of fiduciary duty, as that count also alleges that Rogers' breach of fiduciary duty was the equivalent of fraud. A constructive fraud is deemed to exist where a duty under a confidential or fiduciary relationship has been abused. Douglas v. Ogle, 80 Fla. 42, 85 So. 243 (Fla. 1920); Allie v. Ionata, 466 So.2d 1108 (Fla. 5th DCA 1985); Harrell v. Bransen, 344 So.2d 604 (Fla. 1st DCA 1977), rev. denied, 353 So.2d 675 (Fla. 1977). We further hold that there was substantial competent evidence to support the trial court's finding of constructive fraud.
However, the evidence does not support the award of damages entered by the trial court. The trial court awarded damages based essentially upon the theory of rescission, yet there is no showing that monetary damages would not have sufficed and no party asked for rescission. Laniewicz v. Rutenberg Construction Company, 580 So.2d 203 (Fla. 5th DCA 1991); Supple v. Supple, 347 So.2d 774 (Fla. 3d DCA 1977). Mitzi and Gorman are entitled to compensatory damages based upon the difference between what Rogers actually contributed as capital in cash or property[1] to the RMG Partnership and the $15,000 which he was obligated to contribute under the RMG Partnership Agreement. Additionally, Mitzi and Gorman are entitled to damages based upon their respective interests in the RMG partnership for the purchase by Rogers individually of Moorings Unit 101. Rogers improperly reduced his interest in the RMG partnership by $12,650 to represent the $12,650 deposit that the partnership had put down on Moorings Unit 101.
Mitzi and Gorman are also entitled to prejudgment interest at the statutory rate from the date that the trial court determines that they sustained their loss. Argonaut Insurance Company v. May Plumbing Company, 474 So.2d 212, 215 (Fla. 1985).
We also reverse the award of punitive damages in this case because Mitzi and Gorman failed to show any aggravating circumstances sufficient to justify such an award. See Cook v. Deltona Corp., 753 F.2d 1552, 1563 (11th Cir.1985) (applying Florida law). The record does not establish that Rogers made a deliberate and knowing misrepresentation designed to cause and actually caused detrimental reliance by Mitzi and Gorman. See First Interstate Development Corp. v. Ablanedo, 511 So.2d 536 (Fla. 1987). We further recognize that the mere failure to perform a promise does not constitute fraud which would give rise to punitive damages, absent a specific purpose in the defendant not to perform the contract at the time it was entered. Negligent misrepresentation in this context will not support an award of punitive damages. John Brown Automation, Inc. v. Nobles, 537 So.2d 614, 618 (Fla. 2d DCA 1988), rev. denied, 547 So.2d 1210 (Fla. 1989).
In summary, we affirm the order denying Rogers' motion to recuse the trial judge. We also affirm the finding of constructive fraud. However, we reverse the *1095 awards of compensatory damages and remand the cause to the trial court to award compensatory damages consistent with this opinion and to take testimony on this matter if necessary. Turner v. Turner, 529 So.2d 1138, 1140-41 (Fla. 1st DCA 1988). We also reverse the awards of punitive damages.
AFFIRMED in part; REVERSED in part; and REMANDED.
HARRIS and GRIFFIN, JJ., concur.
NOTES
[1] In this regard, we hold that the term "cash or its equivalent" as used or contemplated in this agreement means cash or property and not attorney's services or other services.