632 So.2d 194 (1994)
MEDIDENT CONSTRUCTION, INC., Appellant,
v.
Pamela CHAPPELL, Appellee.
No. 93-1774.
District Court of Appeal of Florida, Third District.
February 15, 1994.
Fowler, White, Burnett, Hurley, Banick & Strickroot and William R. Clayton and Richard E. Douglas, Miami, for appellant.
*195 Horace E. Hill, Sr., Daytona Beach, for appellee.
Before NESBITT, COPE and LEVY, JJ.
PER CURIAM.
Medident Construction, Inc. appeals a non-final order denying its motion to compel arbitration and to stay state court action. We reverse.
This dispute arose out of a construction contract entered into between Pamela Chappell, the homeowner, and Medident Construction. The contract contained an arbitration clause providing that all disputes between the parties would be submitted to arbitration before the American Arbitration Association. Chappell filed a complaint against Medident, seeking a declaration of the parties' rights under the contract, compensatory and punitive damages, and fees pursuant to the contract.
The issue on appeal is whether the initial validity of the contract as a whole is to be decided by the trial court or by arbitration pursuant to the arbitration clause contained in that contract. Where fraud or some other ground for avoidance or invalidity of contract is alleged as to an entire agreement rather than specifically as to the arbitration clause contained within that agreement, the entire matter should be resolved by arbitration. Manning v. Interfuture Trading, Inc., 578 So.2d 842 (Fla. 4th DCA 1991); Ronbeck Construction Co. v. Savanna Club Corp., 592 So.2d 344 (Fla. 4th DCA 1992); Beaver Coaches v. Revels Nationwide R.V. Sales, Inc., 543 So.2d 359 (Fla. 1st DCA 1989). Only if the attack is specifically and exclusively directed toward the arbitration clause or a separate agreement to arbitrate may the court try the issue before submitting the balance of the dispute to arbitration. Manning, 578 So.2d at 843. In the instant case, the appellee has not specifically attacked the validity of the arbitration clause itself. Rather, all of the appellee's allegations and contentions go to the contract as a whole. As the court in Ronbeck recognized, the arbitration provision in a contract is separate from the rest of the contract, and must itself be specifically attacked on some appropriate ground. Ronbeck Construction Co., 592 So.2d at 347; R.B.F. Management Co. v. Sunshine Towers Apartment Residences Ass'n, Inc., 352 So.2d 561, 564 (Fla. 2d DCA 1977). The relief appellee seeks falls within the scope of the arbitration clause and should be submitted to arbitration. We reverse the non-final order under review and remand the cause to the trial court with directions to allow arbitration and stay state court proceedings during the pendency of dispute resolution by arbitration.
Reversed and remanded.