701 So.2d 1202 (1997)
GREAT WESTERN FINANCIAL SECURITIES CORPORATION, Appellant,
v.
Zachariah GRANDISON and Olivia Grandison, Appellees.
No. 97-2109.
District Court of Appeal of Florida, Fifth District.
November 21, 1997.
*1203 Richard B. Simring of Stroock & Stroock & Lavan, L.L.P., Miami, for Appellant.
Joseph A. Frein of Law Offices of Joseph A. Frein, Orlando, for Appellees.
DAUKSCH, Judge.
Great Western Financial Securities Corporation appeals a nonfinal order denying its motion to compel arbitration and to stay state court action.
The dispute in this case arose out of a client agreement between Great Western and Zacharia and Olivia Grandison which the Grandisons executed when buying securities from Great Western. The client agreement contained an arbitration clause which provided that all controversies between the parties would be submitted to arbitration. After signing the agreement, the Grandisons filed an amended complaint against Great Western for fraud, civil theft, failure to provide a prospectus, as required by section 517.075, Florida Statutes (1995) and rescission, as set forth in section 517.211, Florida Statutes (1995). Great Western filed a motion to compel arbitration and to stay based on the arbitration clause in the client agreement. The trial court denied its motion on the ground that the Grandisons' complaint alleged fraud in the inducement which voided the arbitration proceedings. We reverse.
It is well established that a dispute must be arbitrated where a complaint alleges fraud or some other ground for avoiding or invalidating a contract as to the entire agreement rather than as to the arbitration clause contained within the agreement. Medident Construction, Inc. v. Chappell, 632 So.2d 194 (Fla. 3d DCA 1994); Alphagraphics Franchising, Inc. v. Stebbins, 617 So.2d 463 (Fla. 4th DCA 1993); Ronbeck Construction Co., Inc. v. Savanna Club Corp., 592 So.2d 344 (Fla. 4th DCA 1992); Manning v. Interfuture Trading, Inc., 578 So.2d 842 (Fla. 4th DCA 1991); Beaver Coaches, Inc. v. Revels Nationwide R.V. Sales, Inc., 543 So.2d 359 (Fla. 1st DCA 1989). It is only where the complaint specifically challenges the arbitration clause that a trial court is permitted to determine the issue before submitting the remainder of the dispute to arbitration. Chappell, 632 So.2d at 195.
In this case, the Grandisons' complaint is devoid of any allegation challenging the validity of the arbitration clause. Instead, their claims are directed at Great Western's fraudulent misrepresentations preceding their purchase of the securities, their remedies and their damages. Accordingly, the parties' dispute is subject to arbitration. We therefore reverse the trial court's order denying Great Western's motion to compel arbitration and for stay and remand the cause to the trial court with directions to allow arbitration and stay state court proceedings during the pendency of the arbitration proceeding.
REVERSED AND REMANDED.
PETERSON and THOMPSON, JJ., concur.