PER CURIAM.
We affirm an order compelling arbitration.
Appellant claims that he was fraudulently induced to accept a position with Appellee. Appellant and Appellee initially entered into a consulting agreement which contained an arbitration provision that “[a]ny dispute arising out of or relating to this Agreement shall be submitted to and settled by means of binding arbitration, which shall be held in Broward County, Florida.” Appellant’s position with the company was subsequently modified by an agreement with an arbitration clause providing, “If I claim that Alamo has violated this FamPact, I agree that the dispute shall be submitted to and resolved through binding arbitration administered by the American Arbitration Association.”
Appellant contends that Appellee intentionally made false statements and commitments that induced him to leave his former employment. Appellant did not seek rescission of the arbitration clauses in either agreement on the grounds of misrepresentation. Instead, his allegations went to the agreements and his employment status in general. Appellant contends that he was fraudulently induced to enter into the employment relationships, represented in each agreement with Appellee, by both the initial false promises and their repetition incident to the FamPact.[1]
Appellant’s claims, which relate to terms and conditions of his employment under, and the alleged invalidity of, the two agreements, fall within the parameters of the arbitration provisions in the agreements. Although we acknowledge some ambiguity in the second provision, any doubts as to the applicability of the arbitration provisions are properly resolved by the trial court in favor of arbitration. See Advantage Dental Health Plans Inc. v. Beneficial Adm’rs. Inc., 683 So.2d 1133 (Fla. 4th DCA 1996); Ronbeck Constr. Co., Inc. v. Savanna Club Corp., 592 So.2d 344 (Fla. 4th DCA 1992).
STONE, C.J., TAYLOR, J., and GLICKSTEIN, HUGH S., Senior Judge, concur.

. There was an economic loss rule issue addressed in the trial court that is not raised in this appeal and, therefore, we do not comment on its application.