741 So.2d 1198 (1999)
MILBAR MEDICAL COMPANY, INC., a Florida Corporation, Appellant,
v.
MEDICIS PHARMACEUTICAL CORPORATION, a Delaware Corporation, Appellee.
No. 99-1345.
District Court of Appeal of Florida, Fourth District.
September 22, 1999.
*1199 Jerel Dawson, and John F. Mariani of Levy, Kneen, Mariani, Curtin Kornfeld & del Russo, P.A., West Palm Beach, for appellant.
Traci H. Rollins of Steel Hector & Davis LLP, West Palm Beach, and Henry F. Reichner and Elaine T. Petrossian of Reed Smith Shaw & McClay LLP, Philadelphia, Pennsylvania, for appellee.
PER CURIAM.
Appellant challenges an order granting appellee's motion to compel arbitration. The parties agree federal law is applicable. Appellant argues that the arbitration provision in the licensing agreement, out of which this dispute arises, did not survive the termination of the agreement. We disagree. In Nolde Brothers, Inc. v. Local No. 358, Bakery & Confectionery Workers Union, AFL-CIO, 430 U.S. 243, 255, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977), the supreme court was faced with a collective-bargaining contract dispute which arose after the termination of the contract. In determining whether the arbitration provision of the contract survived its termination, the court found that "the parties' failure to exclude from arbitrability disputes arising after termination... afford[ed] a basis for concluding that they intended to arbitrate all grievances arising out of the contractual relationship." In the present case, as in Nolde, the contract did not exclude arbitration for disputes arising after termination. Nor do we agree with appellant that the several months which transpired between the filing of the lawsuit and the motion to compel arbitration amounted to a waiver. Affirmed.
STONE, KLEIN and TAYLOR, JJ., concur.