757 So.2d 577 (2000)
Lude HENDERSON, individually and on behalf of all others similarly situated, Appellant,
v.
CORAL SPRINGS NISSAN, INC., a Florida corporation, Appellee.
No. 4D99-1234.
District Court of Appeal of Florida, Fourth District.
May 3, 2000.
Rehearing Denied June 14, 2000.
Bruce Botsford and Edward R. Curtis of Curtis & Curtis, P.A., Fort Lauderdale, for appellant.
Esther E. Galicia of George, Hartz, Lundeen, Flagg & Fulmer, Fort Lauderdale, for appellee.
PER CURIAM.
Appellant Lude Henderson, plaintiff below, filed this non-final appeal of an order compelling her to arbitrate her Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") claim against Coral Springs Nissan, Inc. Finding that the trial court erred in concluding her claim was subject to arbitration, we reverse.
Henderson filed a class action complaint seeking monetary and equitable relief pursuant to the FDUTPA, sections 501.201-213, Florida Statutes. Her complaint alleged that she entered into a contract with Coral Springs Nissan to purchase an Altima and made a $1000 down payment, and that a day later, Coral Springs Nissan demanded an additional down payment of $1000, which she refused to make. Coral Springs Nissan then unilaterally rescinded *578 the contract and repossessed the Altima. Attached to the complaint is a Vehicle Buyer's Order, which contains a broad arbitration clause providing that "any controversy or claim arising out of or relating to this contract or breach thereof shall be settled by arbitration."
Coral Springs Nissan filed a motion to stay the circuit court proceedings and compel arbitration of Henderson's FDUTPA claim. At the hearing on the motion, Henderson argued that since the contract was rescinded, the arbitration clause did not survive. Nevertheless, the trial court ruled that the dispute would be submitted to arbitration. Henderson now appeals.
Neither party cites a case involving the exact factual scenario presented in this case. The case of Hymowitz v. Drath, 567 So.2d 540 (Fla. 4th DCA 1990), however, leads us to reverse the arbitration order. In Hymowitz, this Court held that arbitrators exceeded their powers by cancelling the very agreement that contained the arbitration clause from which the arbitrators derive their authority. Id. In arriving at this conclusion, this Court determined that cancellation of the agreement was tantamount to rescission and stated, "The effect of rescission is to render the contract abrogated and of no force and effect from the beginning. If there is no contract, there can be no arbitration clause `of the contract.'" Id. at 542 (quoting Borck v. Holewinski, 459 So.2d 405 (Fla. 4th DCA 1984)).
If there is no enforceable arbitration clause when arbitrators cancel a contract during arbitration, then there is no enforceable arbitration clause when a contract is rescinded prior to a motion to compel arbitration. Here, the arbitration clause became unenforceable when Coral Springs Nissan rescinded the contract containing the arbitration clause. As such, the trial court had no basis upon which to require the parties to arbitrate their dispute.
This case is distinguishable from the fraudulent inducement cases upon which Coral Springs Nissan relies. See Berman v. Alamo Rent A Car, Inc., 717 So.2d 165 (Fla. 4th DCA 1998); Passerrello v. Robert L. Lipton, Inc., 690 So.2d 610 (Fla. 4th DCA 1997). In those cases, the contracts were valid on their face, whereas here, the contract no longer existed at the time the motion to compel arbitration was made. This case is also distinguishable from Milbar Medical Company v. Medicis Pharmaceutical Corp., 741 So.2d 1198 (Fla. 4th DCA 1999), in which this Court determined that based on federal law, an arbitration clause survived the termination of a licensing agreement. Milbar involved termination of a contract, whereas the instant case involves rescission, which makes a contract void in its inception as though it never existed. See, e.g., Hymowitz, 567 So.2d at 542.
Because the trial court had no basis upon which to require the parties to submit to arbitration, its arbitration order is erroneous. Accordingly, we reverse the arbitration order and remand for further proceedings.
REVERSED AND REMANDED.
WARNER, C.J., GUNTHER and STEVENSON, JJ., concur.