762 So.2d 557 (2000)
Julia DIEZ-SIERRA, etc., Appellant,
v.
Dolores AGUERA, Appellee.
No. 3D00-563.
District Court of Appeal of Florida, Third District.
June 28, 2000.
Arnaldo Velez, Coral Gables, appellant.
William S. Pollak, Miami, for appellee.
Before GERSTEN, and RAMIREZ, JJ., and NESBITT, Senior Judge.
RAMIREZ, J.
Appellant Julia Diez-Sierra, as Trustee of Julia Diez-Sierra Revocable Trust, and Appellee Dolores Aguera entered into a contract for the sale and purchase of an apartment building. The form contract used by the parties contains a dispute resolution clause. After the trial court ordered arbitration, Diez-Sierra appealed. We reverse because the plaintiff is seeking to rescind the contract, a remedy the arbitrator is prohibited from awarding.
Diez-Sierra sued Aguera in a one-count complaint seeking rescission of the contract based upon Aguera's allegedly fraudulent representations. The contract specifically stated that "[t]he arbitrator may not alter the contract terms or award any remedy not provided for in this contract." Aguera does not dispute that the arbitrator has no authority to award Diez-Sierra the remedy of rescission. We conclude that the trial court erred in granting Aguera's motion to compel arbitration because the arbitrator is prohibited from granting the only relief sought by Diez-Sierra.
In Borck v. Holewinski, 459 So.2d 405 (Fla. 4th DCA 1984), the court stated that where the complaint seeks rescission of the contract in its entirety, the effect of this remedy is to render the contract abrogated and of no force and effect from the beginning. "If there is no contract, there can be no arbitration clause `of the contract.'" Id. The court then endorsed the *558 holding and rationale in R.B.F. Management Co. v. Sunshine Towers Apartment Residences Ass'n, 352 So.2d 561 (Fla. 2d DCA 1977), which requires the trial court to make an initial determination as to whether the plaintiff had made a prima facie case for "true" rescission, as opposed to partial rescission. If a prima facie case is made, then arbitration is abated pending trial of the rescission issue. If rescission is granted, the parties are left with no contract and the trial court would exercise its complete jurisdiction.
The circumstances of this case are even stronger for the exercise of jurisdiction by the circuit court because rescission is the only remedy being sought by Diez-Sierra and is a remedy which the arbitrator cannot award her, even if she prevails.
Reversed.