770 So.2d 750 (2000)
FLORIDA TITLE LOANS, INC., Appellant,
v.
Paul CHRISTIE, Appellee.
No. 1D00-869.
District Court of Appeal of Florida, First District.
November 9, 2000.
Stephen M. Forte and Shannon L. Freeman of Smith, Gambrell & Russell, Atlanta; E. Lanny Russell and Michael R. Freed of Smith, Hulsey & Busey, Jacksonville, for Appellant.
Samuel S. Jacobson and Mary C. Coxe of Datz, Jacobson, Lembcke & Wright, P.A.; Dominic MacKenzie of Hinshaw & *751 Culbertson; Lynn Drysdale of Florida Legal Services, Inc., Jacksonville, for Appellee.
LAWRENCE, J.
Florida Title Loans, Incorporated (FTL) appeals an order denying its motion to dismiss or, alternatively, to compel arbitration. We affirm.
These are the facts alleged by appellee, Paul Christie (borrower), in his complaint. FTL, in February 1998, in Duval County, made a $500 loan bearing interest at the rate of two hundred and sixty-four percent (264%) per annum to the borrower. The loan was secured by a lien on a certificate of title to the borrower's truck. The borrower paid $110 monthly until December 1998, with the original $500 still owing. FTL offered to increase the loan based on the borrower's good payment history; whereupon, the loan was increased to $616.67. The borrower made monthly payments of $135.66 until September 1999, for a total of $1,220.94 in interest, and no reduction of the principal.
When the City of Jacksonville, by municipal ordinance in Summer 1999, restricted the interest rate on title loans, FTL notified the borrower that "we can no longer profitably make loans in Duvall [sic] County." The borrower was further notified that his loan must be paid in full within sixty days or suffer the repossession of his vehicle. This notice was accompanied by an offer from Kingsland Auto Pawn, Incorporated, in Kingsland, Georgia (a sister business of FTL's), to loan the borrower sufficient funds to pay off FTL's loan. The borrower accepted the offer, executed a new loan agreement in Georgia, bearing interest at three hundred percent (300%) per annum, and secured it with a lien on a certificate of title to his motor vehicle. The borrower's loan to FTL was paid in full.
The borrower then filed a class action suit in Duval County, seeking an injunction to reinstate the original loan agreement with FTL. FTL moved to compel arbitration pursuant to a clause in that same loan agreement which the borrower sought to reinstate. The arbitration clause provided in relevant part:
Any and all disputes or disagreements between the parties arising out of this Agreement or any prior agreement between them (save and except the LENDER'S rights to enforce the BOROWER(s)' payment obligations, in the event of default, by judicial or other process) shall be decided by arbitration and in accordance with the procedural rules of the American Arbitration Association as presently published and existing.
(Emphasis added.) The trial judge, by order of February 1, 2000, denied the motion, finding the arbitration clause "not operative or inapplicable to the claims asserted" in the complaint.
Our review is de novo. Powertel, Inc. v. Bexley, 743 So.2d 570 (Fla. 1st DCA 1999). We agree that the arbitration clause in the parties' original loan agreement is inapplicable to the complaint filed by the borrower. See Henderson v. Coral Springs Nissan, Inc., 757 So.2d 577 (Fla. 4th DCA 2000) (reversing an order to compel arbitration and holding that an arbitration clause becomes unenforceable when one party unilaterally rescinds the contract); cf. Borck v. Holewinski, 459 So.2d 405 (Fla. 4th DCA 1984) (affirming a stay of arbitration and holding that, in a suit for recission, the suit for recission must be decided first, for if recission is allowed, there is no arbitration clause "of the contract"); cf. also FastFunding The Company, Inc. v. Betts, 758 So.2d 1143 (Fla. 5th DCA 2000) (affirming the denial of a motion to compel arbitration and holding that a court must determine whether a loan contract is illegally usurious before requiring the borrower to submit to arbitration under the contract); Sandvik AB v. Advent Int'l Corp., 220 F.3d 99 (3rd Cir.2000) (affirming the denial of a motion to compel arbitration and holding that, even under *752 the severability doctrine, there can be no arbitration if the underlying agreement is nonexistent). We therefore affirm the order under review.
The borrower, in his brief and in oral argument, also argued that the arbitration clause in the parties' original loan agreement is unconscionable. We express no view on this premature issue. If it becomes relevant, the trial judge can consider that issue pursuant to this court's opinion in Powertel.[1]
We thus affirm the order under review and remand for consistent proceedings.
JOANOS and VAN NORTWICK, JJ., CONCUR.
NOTES
[1] The United States Supreme Court, by that time, may have provided additional guidance. See Randolph v. Green Tree Fin. Corp., 178 F.3d 1149 (11th Cir.1999) (holding an arbitration clause unenforceable where it fails to define costs, fees, and procedures), cert. granted, ___ U.S. ___, 120 S.Ct. 1552, 146 L.Ed.2d 458 (2000); cf. Harris v. Green Tree Fin. Corp., 183 F.3d 173 (3rd Cir.1999) (holding an arbitration clause enforceable, despite lack of mutuality of remedy within it, so long as the contract as a whole is supported by consideration); see also Kristen Porter, Upholding Precedent: How the U.S. Supreme Court Should Approach the Green Tree Circuit Split, 26:4 Wm. Mitchell L.Rev. 1075 (2000); Sarah Baxter, Appeals From Arbitration Orders Under The Federal Arbitration Act: Pro-arbitration Policy Clashes With The Right to Appeal Final Decisions: Randolph v. Green Tree Financial Corp., 2000:1 J. Disp. Resol. 165.