812 So.2d 588 (2002)
Virgil SIMPSON and Stella Simpson, his wife, Appellants,
v.
Alan David COHEN and Aventura Design Group, Inc., a Florida corporation, Appellees.
No. 4D01-1317.
District Court of Appeal of Florida, Fourth District.
April 3, 2002.
*589 Russell D. Kaplan of Russell D. Kaplan, P.A., Fort Lauderdale, for appellants.
Lee Milich of Lee Milich, P.A., Fort Lauderdale, for appellees.
PER CURIAM.
Virgil and Stella Simpson timely appeal a non-final order compelling arbitration. This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv).
The Simpsons owned a condominium in Hollywood, Florida. In March, 2000, the Simpsons entered into a written contract for interior design services with appellee, Aventura Design Group, Inc., whose president is appellee, Alan Cohen. Cohen is the sole officer and principal designer for Aventura.
On October 23, 2000, Simpsons filed suit against Cohen and Aventura alleging fraud in the inducement, rescission, deceptive and unfair trade practices, unjust enrichment, open account, and conversion. The Simpsons' complaint alleged that (1) the defendants represented that they were licensed to perform interior design services; (2) the Simpsons signed a written contract for interior design services and paid the defendants $94,997.81 under the contract; (3) there were deficiencies in the defendants' work including a failure to obtain permits and the Simpsons' written consent to purchases; and (4) the defendants were not licensed under Chapter 481, Florida Statutes (2000), because Cohen's felony conviction disqualified him from being licensed as an interior designer. See §§ 481.225(1)(d),(g) & (3), Fla. Stat. (2000).
The trial court granted the defendants' motion to compel arbitration pursuant to a clause in the contract which read:
[a]ny controversy or claim arising out of or relating to this Agreement or the breach thereof shall be settled by arbitration in Dade County, Florida, in accordance with Florida Statutes, and *590 judgment upon the award to be rendered by a single arbitrator may be entered in any court having jurisdiction thereof.
The complaint alleged that the entire agreement had been fraudulently induced by the defendants' misrepresentation about being licensed. It is well established that a dispute must be arbitrated where a complaint alleges fraud seeking to avoid or invalidate an entire agreement, rather than just the arbitration clause contained within the agreement. See Passerrello v. Robert L. Lipton, Inc., 690 So.2d 610, 611 (Fla. 4th DCA 1997); Alphagraphics Franchising, Inc. v. Stebbins, 617 So.2d 463, 464 (Fla. 4th DCA 1993); Ronbeck Constr. Co. v. Savanna Club Corp., 592 So.2d 344, 347 (Fla. 4th DCA 1992); Manning v. Interfuture Trading, Inc., 578 So.2d 842, 843 (Fla. 4th DCA 1991); Medident Constr., Inc. v. Chappell, 632 So.2d 194, 195 (Fla. 3d DCA 1994). It is only where the complaint specifically challenges the arbitration clause that a trial court is permitted to determine the validity of the arbitration clause before submitting the remainder of the dispute to arbitration. See Chappell, 632 So.2d at 195.
The Simpsons rely on Borck v. Holewinski, 459 So.2d 405 (Fla. 4th DCA 1984), and Diez-Sierra v. Aguera, 762 So.2d 557 (Fla. 3d DCA 2000), but they are distinguishable. In both cases, the only relief sought in the complaints was rescission. See R.B.F. Mgmt. Co. v. Sunshine Towers Apartment Residences Ass'n, 352 So.2d 561, 562 (Fla. 2d DCA 1977) (holding that arbitration could not be compelled where plaintiff sought only rescission, and there was "no claim for damages in any of the five counts of the complaint").
This court has previously required arbitration in cases where rescission was but one count in a complaint where other counts sought damages under common law and statutory causes of action. See Ronbeck Const. Co., 592 So.2d at 347; Manning, 578 So.2d at 843, 845. In Ronbeck, we reversed an order denying arbitration of a multi-count complaint "because the alleged basis for rescission does not include any allegation that the arbitration provision itself was fraudulently induced." 592 So.2d at 347. In Manning, we affirmed an order requiring arbitration of a multi-count complaint where a "basis for rescission permeate[d] the entire transaction rather than only the arbitration agreement." 578 So.2d at 845.
The Simpsons argue that their fraudulent inducement claims are outside the scope of the arbitration clause. We disagree. Contract language agreeing to arbitrate "[a]ny controversy or claim arising out of or relating to this Agreement, or the breach thereof" has been found to be broad enough to encompass a claim that the execution of an agreement itself was procured by fraud. See Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 406, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). The language of the arbitration clause in this case is similar to the language of the clause in Prima Paint. The fraud in the inducement claim arises from the contract and relates to the other claims that the arbitrator must determine.
Finally, we reject the Simpsons' claim that Cohen may not insist on arbitration, since he was not a party to the contract. Cohen was Aventura's sole officer and principal designer. The language of the arbitration clause here is "broad enough to include persons within the respondent superior doctrine." Merrill Lynch Pierce Fenner & Smith v. Melamed, 453 So.2d 858, 860 (Fla. 4th DCA 1984); accord Tenet Healthcare Corp. v. Maharaj, 787 So.2d 241, 243 (Fla. 4th DCA 2001); Vic Potamkin Chevrolet, Inc. *591 v. Bloom, 386 So.2d 286, 288 (Fla. 3d DCA 1980).
AFFIRMED.
STONE, GROSS and HAZOURI, JJ., concur.