PER CURIAM.
The plaintiffs, John and Mary Niven [the Nivens], appeal from an adverse final judgment confirming an arbitration award and denying their motion to .vacate. We reverse.
The Nivens brought suit against G.F.B. Enterprises, L.L.C., d/b/a Lexus of Kendall [the Dealer] for breach of contract and for violations of Florida’s Deceptive and Unfair Trade Practices Act. The Nivens sought to enforce a Motor Vehicle Lease Agreement and a Car Contract Order and Supplemental Conditions. The Dealer compelled arbitration pursuant to the Lease Agreement, but then, at arbitration, argued that the Lease Agreement was unenforceable because the Dealer had not executed it. The arbitrator agreed that the Lease Agreement was unenforceable and awarded the Dealer damages for the rental value of the vehicle, the cost to repossess it, and the cost of the arbitration.
The Nivens filed a motion to vacate the arbitration award arguing that because there was no valid Lease Agreement, there was no valid arbitration clause. The Dealer moved to confirm the award. The trial court entered an order confirming the arbitration award and denying the motion to vacate. The trial court entered final judgment. The Nivens’ appeal follows.
The Nivens contend that the trial court erred by confirming an arbitration *1094 award based on an agreement that never existed. We agree.
“If there is no contract, there can be no arbitration clause of the contract.” Henderson v. Coral Springs Nissan, Inc., 757 So.2d 577 (Fla. 4th DCA 2000)(holding that there is no enforceable arbitration clause where the dealer rescinded the contract containing the arbitration clause); Hymowitz v. Drath, 567 So.2d 540 (Fla. 4th DCA 1990)(holding that there is no enforceable arbitration clause when arbitrators cancel a contract during arbitration). Therefore, the trial court erred by confirming the arbitration award and denying the plaintiffs’ motion to vacate.
We reverse and remand for further proceedings consistent with this opinion.