WELLS, Judge.
Rafael and Lourdes Sanchez (sellers) appeal an order denying their motion to compel arbitration of a dispute arising out of a residential real estate purchase and sale agreement. The buyers, claiming mutual mistake, sought a declaration as to whether they were entitled to rescission of the agreement and return of their deposit or whether the sellers were entitled to specific performance, and if so, whether the buyers were entitled to equitable abatement of the purchase price.[1] The sellers’ attempt to compel arbitration was denied. We reverse.
This court has previously held that an action to rescind an agreement in its entirety is subject to arbitration:
Where fraud or some other ground for avoidance or invalidity of contract is alleged as to an entire agreement rather than specifically as to the arbitration clause contained within that agreement, the entire matter should be resolved by arbitration. Only if the attack is specifically and exclusively directed toward the arbitration clause or a separate agreement to arbitrate may the court try the issue before submitting the balance of the dispute to arbitration.
Medident Constr., Inc. v. Chappell, 632 So.2d 194, 195 (Fla. 3d DCA 1994) (citations omitted). Because the buyers do not attack the validity of the arbitration clause, but instead seek to invalidate the entire agreement, “[t]he relief [the buyers seek] falls within the scope of the arbitration clause and should be submitted to arbitration.” Id.
We find the decision in Diez-Sierra v. Aguera, 762 So.2d 557 (Fla. 3d DCA 2000), distinguishable on at least two grounds. First, the only relief sought in Diez-Sierra was rescission. The buyers in this case sought rescission or alternatively specific performance combined with consideration of entitlement to an equitable adjustment or abatement of the purchase price. See Simpson v. Cohen, 812 So.2d 588, 590 (Fla. 4th DCA 2002) (distinguishing Diez-Sierra on this ground). Second, Diez-Sierra, in significant part, turns on the fact that the parties agreed that the arbitrator had no *328 authority to order rescission. No similar agreement exists here.
Accordingly, the order under review is reversed, and the litigation stayed pending the outcome of arbitration.

. The buyers also sued the brokers for fraud and negligent misrepresentation.