*361
 
 ON MOTION FOR REHEARING AND CORRECTED OPINION
 

 PER CURIAM.
 

 This cause is before us on Appellee’s motion for rehearing and corrected opinion. We deny the motion for rehearing, but grant the motion for corrected opinion and, accordingly, withdraw our former opinion of October 6, 2011, and substitute in its place this corrected opinion.
 

 Appellant appeals the trial court’s order granting Appellee’s petition to stay arbitration, arguing that the trial court erred by finding that the construction contract at issue did not include any provision for arbitration. For the reasons explained below, we agree and reverse.
 

 The relevant facts are not in dispute. The parties entered into a contract consisting of a number of different documents (collectively, Contract) whereby Appellant was to build a facility for Appellee. A dispute arose and, although it appears from the record that Appellee initially agreed that mediation and arbitration were appropriate, it eventually receded from that position and filed a petition to stay arbitration pursuant to section 682.03(4), Florida Statutes. Appellee contends that the Contract does not include any arbitration provisions:
 

 The Contract documents include a document entitled “AIA Document A201-1997 General Conditions of the Contract for Construction” (1997 General Conditions), as well as a document entitled “Group A Plans and Specifications” (Group A document). The 1997 General Conditions document included provisions for dispute resolution that required mediation, to be followed by arbitration should mediation fail to resolve the dispute. The Group A document, which was prepared by or on behalf of Appellee, included a provision entitled “Bidding & Contract Requirements — Supplementary General Conditions” which provided:
 

 SCOPE:
 
 The following supplements modify, change, delete or add to the ‘GENERAL CONDITIONS OF THE CONTRACT FOR CONSTRUCTION,’ AIA Document A201, 1987 Edition. Those portions of this document, which remain unaltered by these supplements, shall remain in effect as published.”
 

 (Emphasis added.) These Supplementary General Conditions deleted the various arbitration provisions which were in the 1987 version of the General Conditions and referenced to in the Scope.
 

 At the hearing in question, the parties inexplicably agreed that no evidentiary hearing was necessary and that the court could rely on the four corners of the Contract in reaching its determination. The court ultimately entered an order summarily granting Appellee’s petition to stay arbitration, finding, “The contract in question ... is clear and unambiguous; and ... [t]here exists no agreement or provision for arbitration between the parties.”
 

 Our review is de novo.
 
 See Fla. Title Loans, Inc. v. Christie,
 
 770 So.2d 750 (Fla. 1st DCA 2000) (interpreting arbitration provision in a contract will be reviewed de novo by the appellate court).
 

 In
 
 City of Homestead v. Johnson,
 
 760 So.2d 80, 83 (Fla.2000), the supreme court reiterated that “any ambiguity in the terms [of a contract] should be resolved in favor of upholding the purpose of the agreement
 
 and giving effect to every term in the agreement.”
 
 (Emphasis added.) Here, although it is entirely possible that Appellee intended to avoid all prospects of contractually-mandated arbitration, at the parties’ insistence, the trial court considered only the four corners of the document when interpreting it; consequently, any inquiry into Appellee’s intent beyond those
 
 *362
 
 confines is unnecessary. The plain language of the Contract is that all references to the arbitration provisions contained in the 1987 version of the General Conditions were deleted, whereas those included in the 1997 version remained in effect, because there were no provisions anywhere in the Contract that expressly modified them. Applying the principle set forth in
 
 Johnson,
 
 the unaltered terms of the 1997 edition must be given effect. “[W]e rely upon the rule of construction requiring courts to read provisions of a contract harmoniously in order to give effect to all portions thereof.” 760 So.2d at 84.
 

 Conclusion
 

 For the foregoing reasons, the trial court erred by finding the Contract did not include any requirement that the parties submit to arbitration to resolve disputes arising under the Contract. Thus, the trial court should have denied Appellee’s petition to stay arbitration.
 

 REVERSED and REMANDED for proceedings consistent with this opinion.
 

 THOMAS, WETHERELL, and SWANSON, JJ., concur.